# Death Penalty

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LEE LOMAX,<br><br>   Petitioner,<br><br>   v.<br><br>MICHAEL MARTEL, Warden of California State Prison at San Quentin,<br><br>   Respondent. | Case No.: CV 11 – 01746 JST<br><br>*BITTAKER* PROTECTIVE ORDER<br><br>**DEATH PENALTY CASE** |

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), this Court enters the following Protective Order regarding: (1) documents and materials, including declarations, derived from the trial team or trial counsel files that Petitioner provides to Respondent during the course of this habeas action; and (2) any reference to such documents or testimony in the parties' pleadings submitted to this Court.

    1.    To the extent that the Court orders the production of documents and discovery in this matter that Petitioner contends are subject to claims of privilege or protected from disclosure by the attorney-client privilege or work-product doctrine, and/or the Fifth Amendment (hereinafter referred to collectively as "protected materials" or "privileged information"), and to the extent that this

1 Court orders Petitioner's trial counsel's file, including the files of other defense
2 team members, be produced to the Respondent, or Petitioner turns over such
3 documents voluntarily, such materials shall be subject to this Protective Order and
4 shall remain confidential and shall not be disclosed except as set forth herein.
5    2.   Further, to the extent that this Court might permit the taking of the
6 depositions of any trial counsel, other members of the defense team, Petitioner, or
7 Petitioner's experts, such testimony disclosing privileged information shall be
8 subject to this Protective Order and shall remain confidential, and shall not be
9 disclosed except as set forth herein.
10    3.   Documents and testimony that Petitioner contends are privileged shall
11 be clearly designated as such by labeling the documents or testimony in a manner
12 that does not prevent reading the text of the document.
13    4.   To the extent that either party intends to file under seal all or any part
14 of the material referenced herein as supporting evidence in this action, the party
15 shall first comply with Local Rule 79-5.1 demonstrating, with specificity, the need
16 for the under seal filing.
17    5.   The appropriateness of any measures to prevent the disclosure of the
18 contents of materials subject to this Protective Order in connection with presenting
19 evidence at any evidentiary hearing in this case will be separately addressed by the
20 Court in connection with conducting any such hearing.
21    6.   All privileged documents and testimony subject to this Protective
22 Order and produced to Respondent in this action may be used only for purposes of
23 litigating this habeas corpus proceeding by: (a) Petitioner and the members of his
24 legal team, *i.e.*, lawyers, paralegals, investigators, and support staff assigned to
25 *Lomax v. Cullen* by the Office of the Federal Public Defender, and persons retained
26 by Petitioner's counsel to litigate this matter, including, but not limited to, outside
27 investigators, consultants and expert witnesses; and (b) Respondent and the
28 members of his legal team, *i.e.*, lawyers, paralegals, investigators, and support staff

assigned to *Lomax v. Cullen* by the California Department of Justice, the Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses.  This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter.  All such individuals shall be provided with a copy of this Protective Order.

   7. Except for disclosure to the persons and agencies described in Paragraph 6, disclosure of the contents of the documents and testimony protected by this Protective Order and the documents and testimony themselves that are protected by this Protective Order shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's permission.  If Respondent contends that he needs to disclose materials protected by this Protective Order to outside prosecutorial agencies, outside law enforcement personnel, experts, consultants, deponents or witnesses in order to investigate or respond to Petitioner's habeas claims, Respondent shall first provide to Petitioner's counsel with (a) the identity of the individuals to whom access is going to be provided, and (b) Respondent's reasons therefor.  Petitioner shall notify Respondent within three court days of his non-opposition or objection to Respondent's proposal.  If Petitioner objects to Respondent's proposal, and if the parties cannot resolve their differences within three additional court days, Petitioner shall provide his written objection to Respondent within three further court days.  Respondent shall file and serve a document containing Petitioner's objections and Respondent's responses within three additional court days.  The Court shall rule on Petitioner's objections before the privileged materials are disclosed.  Any person obtaining access to the privileged material pursuant to this process shall also be given a copy of this Protective Order and shall sign a statement agreeing to be bound by its terms.

8. After obtaining a Court order permitting under seal filing pursuant to paragraph 4 of this Order, all documents and testimony that Petitioner intends to submit to this Court shall be submitted under seal in a manner reflecting their confidential nature and designed to ensure that the privileged material will not become part of the public record.  Any pleading, deposition transcript, discovery response or request, or other papers served on opposing counsel, or filed or lodged with the Court that contains or reveals the substantive content of the privileged matter shall be filed under seal, and shall include a separate caption page that includes the following Confidentiality Notice or its equivalent:

TO BE FILED UNDER SEAL

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED

9. After obtaining an order permitting under seal filing pursuant to paragraph 4 of this Order, all privileged documents or documents containing privileged matters filed with this Court shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice.  The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above.  Insofar as reasonably feasible the parties shall *narrowly tailor* their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal.  When a pleading or document contains only a limited amount of privileged content, a party shall file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out only the limited matters comprising the confidential portions.

11. No later than sixty days after the filing of this Protective Order, Petitioner shall identify any previously filed or lodged pleading, order, declaration, transcript or other document, or any part thereof, that contains or discloses the

4

substance or content of privileged matter. For each such item, following consultations with Respondent, Petitioner shall file a redacted version of the item, blocking out the privileged matter, and for each such originally filed item, Petitioner shall supply the clerk with a "To Be Filed Under Seal" caption page and envelope that conform to the privileged caption, and the clerk shall insert the filed or lodged item in the envelope, seal the item and re-file it.

12. Petitioner's disclosure of documents from trial counsel's file in this action, and any related testimony by Petitioner or members of Petitioner's trial team at a deposition in this case, does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

13. This Order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this Order shall be made upon notice and an opportunity to be heard from both parties.

IT IS SO ORDERED.

Dated:  <u>January 31, 2013</u>

                                              HON. JOSEPHINE STATON TUCKER
                                              UNITED STATES DISTRICT JUDGE


cc: DEATH PENALTY LAW CLERK